

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-8-2007

# Jackson v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3221

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Jackson v. USA" (2007). *2007 Decisions.* Paper 1127.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1127

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-3221
_____

RONNIE LEE JACKSON,
Appellant

v.

UNITED STATES OF AMERICA;
THOMAS MARINO

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 05-cv-01948)
District Judge:  Honorable Christopher C. Conner
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
April 19, 2007
Before:    SLOVITER, CHAGARES AND GREENBERG, CIRCUIT JUDGES

(Filed:  May 8, 2007)
_____

OPINION
_____

PER CURIAM

        Ronnie Lee Jackson, a federal prisoner proceeding pro se, appeals from an order of

the United States District Court for the Middle District of Pennsylvania denying his

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  We will dismiss

Jackson's appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

On March 13, 2002, Jackson was sentenced in Pennsylvania state court to a term of one to two years in prison. While serving his state sentence, Jackson was placed in the custody of federal authorities to respond to unrelated criminal charges. Jackson was convicted of the federal charges, and on March 19, 2003, he was sentenced to 84 months in prison. On March 22, 2003, Jackson was released on parole from state custody, and federal authorities assumed custody. Jackson received prior custody credit pursuant to 18 U.S.C. § 3585(b) for four days of time served that were not applied to another sentence.

In his habeas petition, Jackson sought credit toward his federal sentence for the time he served on his state court sentence. Jackson relied on statements by the federal sentencing judge, which he believed established an intent to afford him such credit. Jackson cited United States Sentencing Guideline § 5G1.3(c) and our decision in Ruggiano v. Reish, 307 F.3d 121 (3d Cir. 2002), in support of his habeas petition.

As recognized by the District Court, we held in Ruggiano that a federal sentencing court had authority under U.S.S.G. § 5G1.3(c) to adjust a sentence for time served on a state conviction. Ruggiano, 307 F.3d at 131. In concluding that the sentencing court exercised this power in sentencing the defendant, we noted that the defendant requested the application of § 5G, and that the sentencing court stated at the hearing that it would recommend that the federal sentence "be served concurrently and that [the defendant]

_____

[1]This appeal was previously terminated for a failure to pay the filing fee. We hereby grant Jackson's motion to reopen his appeal and his motion to proceed in forma pauperis.

2

receive credit for the amount of time that he had served there." Id. (citation omitted).

The written judgment stated, "Sentence imposed to run concurrent with State sentence.

Defendant to receive credit for time served." Id.

Similar directives are not present in this case. As set forth more fully in the

District Court's opinion, prior to imposing sentence, Jackson's counsel made several

requests, including a request that Jackson be credited for time served. The sentencing

judge replied, "All right." Ex. to Response to Habeas Petition at 18. The sentencing

judge then recounted Jackson's significant criminal history, and stated that he intended to

impose a sentence of seven years, noting that the sentence was within the guidelines and

very reasonable. Counsel again raised the request for credit for time served, and the

sentencing judge replied, "Yes, Indeed." Ex. to Response to Habeas Petition at 20.

Jackson's written judgment reflects a prison term of 84 months (or seven years). Unlike

in Ruggiano, § 5G was not discussed at Jackson's hearing. In addition, the sentencing

judge did not state orally or in the written judgment that the sentences should run

concurrently, or that Jackson should receive credit for time served on the state sentence,

as opposed to the credit that could be (and ultimately was) afforded pursuant to 18 U.S.C.

§ 3585(b).

Accordingly, we will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).[2]

---

[2]Application Note 3(E) to U.S.S.G. § 5G1.3 now states that subsection (c) does not
authorize an adjustment for time served on a prior undischarged term of imprisonment,
and a court may consider a downward departure in extraordinary cases. This amendment
became effective November 1, 2003, after Jackson's sentence was imposed. To the

3

extent the amendment may be viewed as a clarifying amendment that is retroactively applicable, see United States v. Diaz, 245 F.3d 294, 301 (3d Cir. 2001), the result in this case would be the same.